UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYDNEY LOBB, | Case No.  2:25-cv-0623-WBS-JDP (SS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 10 & 14. For the reasons discussed below, I recommend that plaintiff's motion for summary judgment be granted, and the Commissioner's be denied.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

## Background

Plaintiff filed applications for DIB and SSI, alleging disability beginning June 1, 2019. Administrative Record ("AR") 277-90. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 42-72, 166-71, 175-81. Then, on October 29, 2021, the ALJ issued a decision finding that plaintiff was not disabled; the Appeals Council denied her request for review. *Id.* at 1-4, 19-41. Notably for purposes of this case, this initial decision also found that, with regard to plaintiff's migraine headaches, "the medical evidence of record does not establish that the claimant's symptoms would prevent her from performing all work-related activities." *Id.* at 29. Plaintiff appealed, and,

approximately two years later, on August 25, 2023, this district approved a stipulation between plaintiff and the Social Security Administration ("SSA") for voluntary remand. *Id.* at 969-973. As part of the stipulation, it was agreed that the Appeals Council would instruct the ALJ to evaluate plaintiff's subjective symptom testimony and her residual functional capacity. *Id.* at 972.

On remand, after conducting a hearing, the ALJ issued another decision unfavorable to plaintiff on October 25, 2024. *Id.* at 935-49.

The ALJ made, in relevant part, the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2023.

2. The claimant has not engaged in substantial gainful activity since June 1, 2019, the alleged onset date.

   * * *

3. The claimant has the following severe impairments: bipolar disorder, depressive disorder, panic disorder and generalized anxiety disorder.

   * * *

4. The claimant does not have an impairment or combination of impairments that that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to 1-to 2-step job tasks. The claimant is limited to occasional social interaction with coworkers and the public. The claimant is limited to occasional changes in the work setting.
   * * *

6. The claimant has no past relevant work.

   * * *

3

7. The claimant was born [in] 1988 and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2019, through the date of this decision.

*Id.* at 935-49 (citations to the code of regulations omitted).

**Analysis**

As an initial matter, plaintiff characterizes her claim as one contesting the ALJ's alleged failure to follow the Appeals Council's order that he "consider the claimant's statements, as well as the severity of the claimant's migraines, consistent with the applicable regulations and rulings." *Id.* at 982. A review of the substantive argument, however, reveals that this is ultimately a challenge as to whether the ALJ was correct in his determination that her headaches were not a severe impairment. Turning to that issue, I find plaintiff's argument convincing, and, for the reasons that follow, recommend that this case be remanded for additional proceedings.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At this step, the ALJ determines which of the claimant's alleged impairments are "severe"; a "severe" impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work

4

activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p).

Here, the ALJ found that plaintiff's headaches were not a severe impairment because the symptoms were "generally responsive to treatment." AR at 939.  The cited records, however, contain numerous indicators that plaintiff's headaches remained more than a "slight abnormality." For instance, the ALJ notes that medical records from April 2021 indicate that her headache symptoms were improved with medication.  *Id.* at 794, 939.  But these records also indicate that her headaches caused her "nausea at baseline" and were a daily occurrence.  *Id.* at 793.  The ALJ cites records from July 2021 showing that plaintiff "endorsed a positive response" to prescription medication, acupuncture, and chiropractic adjustments.  *Id.* at 866-67, 939.  The records also state, however, that "the problem has worsened" and that the "symptoms are constant."  *Id.* at 867.  Indeed, the ALJ himself notes that, in August 2021, plaintiff presented for further treatment and "reported daily headaches with associated photophobia, phonophobia, nausea and vomiting about 1-2 times per week."  *Id.* at 939.  He goes on to cite her treatment with Botox as being, in plaintiff's own words, "very effective."  *Id.*  Even on Botox, however, plaintiff indicated that once or twice a week her headaches were severe, and she suffered "photobia, phonobia, and severe nausea and vomiting."  *Id.* at 1565.

"An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  *Smolen v. Chater*, 80 F.3d 1273, 1296 (9th Cir. 1996) (internal quotation marks omitted).  This circuit has noted that "[s]tep two, then, is a de minimis screening device [used] to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation marks and citations omitted).  Here, the medical evidence does not clearly establish that plaintiff's headaches were not severe.  The ALJ's finding on this issue was not supported by substantial evidence.  *Id.* at 686 ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  Finally, this error was not harmless insofar as there

5

is no indication that plaintiff's migraines were considered at step four of the residual functional capacity analysis. *See* AR 943-48. Given this determination, it is unnecessary to consider plaintiff's alternate arguments in favor of remand.

Thus, I recommend that the matter be remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, be GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 14, be DENIED.

3. The matter be remanded for further proceedings consistent with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 18, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6